

## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 06-30056(01)(02) |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| WILLARD MENARD and PHILLIP J. MENARD, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants, Willard Menard (Willard) and Phillip J. Menard (Phillip), have filed Motions for Severance, Docket Nos. 52, 66. After considering the Motions[1] in light of the records on file[2] and the totality of the circumstances present, the Court concludes that both Motions should be denied.

I.

The pertinent facts and procedural history can be briefly stated. Between July 23, 1997 and July 22, 2000, on the Rosebud Indian Reservation, Willard, an Indian, is alleged to have engaged in digital penetration of M.M.'s vagina and hand and finger contact with her genitalia. Similarly, Phillip, also an Indian, is alleged to have engaged in vaginal sexual

---

[1] In addition to his Severance Motion, Willard has filed a supporting Memorandum and a Supplement to the Motion, Docket Nos. 53, 65, and Plaintiff, United States of America (Government), has filed a Response to the same, Docket No. 54. The Court has considered these documents as well.

[2] The Court has received and considered copies of the statements Willard, Phillip, M.M., the alleged victim, and others made to law enforcement officers which refer or relate to the allegations contained in the Indictment.

intercourse with M.M. and hand and finger touching of M.M.'s genitalia on the same Reservation during a shorter, but overlapping time period (between July 23, 1997 and May 10, 1999). Willard and Phillip were indicted conjointly on aggravated sexual abuse of a child charges (one count each) and have plead not guilty to them. A jury trial is scheduled to begin on April 17, 2007.

II.

Rule 8(b) of the Federal Rules of Criminal Procedure provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Indeed, "[j]oint trials 'play a vital role in the criminal justice system.'" Id. (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)). "They promote efficiency 'and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" Zafiro, 506 U.S. at 537 (quoting Richardson, 481 U.S. at 210).

Under Fed. R. Crim. P. 14(a), a court may grant a severance of trials if joinder "appears to prejudice a defendant." To warrant severance, the defendant must show "real prejudice" that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately." United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993) (quoting United States v. Adkins, 842 F.2d 210, 211-12 (8th Cir. 1998)). The question of whether a denial of a severance motion results in "clear or real prejudice" turns in large part on whether a jury is able to compartmentalize the evidence against each

2

defendant. United States v. Bordeaux, 84 F.3d 1544, 1547 (8th Cir. 1996); United States v. Blum, 65 F.3d 1436, 1444 (8th Cir. 1995), cert. denied, 516 U.S. 1097 (1996).

The mere fact that two defendants may have potentially antagonistic defenses and that hostility may result if one defendant attempts to save himself at the expense of the other is not sufficient grounds to require severance. Bordeaux, 84 F.3d at 1547; United States v. Shivers, 66 F.3d 938, 940 (8th Cir.), cert denied, 516 U.S. 1016 (1995). Likewise, the fact that one co-defendant may try to shift the blame to the other or that there is a disparity in the weight of the evidence between the co-defendants does not mandate separate trials. Bordeaux, 84 F.3d at 1547; United States v. McGuire, 45 F.3d 1177, 1187 (8th Cir.), cert. denied, 515 U.S. 1132 (1995); United States v. Johnson, 944 F.2d 396, 402-03 (8th Cir.), cert. denied, 502 U.S. 1008 (1991).

Willard and M.M.'s statements reflect that Willard and Phillip both had sexual contact with M.M. around the same time period while M.M. was living with her grandmother in Mission, South Dakota (North Antelope Housing). The statements make clear that Willard participated in sex acts that were the same, and a subset of, those alleged to have been committed by Phillip.

Willard and Phillip's claims of prejudice are exaggerated. This does not appear to be a complex case or one in which a jury is likely to be confused and incapable of "compartmentalizing" the evidence. See Bordeaux, 84 F.3d at 1547; Blum, 65 F.3d at 1444; United States v Jones, 880 F.2d 55, 63 (8th Cir. 1989). The case involves two distinct defendants, both of whom are charged with committing the same two offenses in slightly different ways. See McGuire, 45 F.3d at 1187. The fact that certain evidence may be

3

admissible against Phillip, but not Willard, does not mandate the granting of Willard's severance Motion. See Bordeaux, 84 F.3d at 1547; McGuire, 45 F.3d at 1187. Nor is Willard entitled to severance simply because the Government's evidence may be more damaging against Phillip than Willard. See United States v. Garcia, 785 F.2d 214, 220 (8th Cir.), cert. denied, 475 U.S. 1143 (1986). And, any evidentiary concerns, such as the admission of prior sexual misconduct evidence or a confession, can be appropriately addressed through motions in limine and/or carefully crafted jury instructions. See United States v. Boone, 437 F.3d 829, 837-38 (8th Cir.), cert. denied, 127 S.Ct. 172 (2006); United States v. Ghant, 339 F.3d 660, 666 (8th Cir. 2003), cert. denied, 540 U.S. 1167 (2004); United States v. Robinson, 774 F.2d 261, 265-67 (8th Cir. 1985).

The Court believes that there is no overriding reasons or unique circumstances present here to warrant the granting of a separate trial to Willard or Phillip. This, coupled with the Court's view that a joint trial will not compromise any of Willard and Phillip's rights, result in actual prejudice, or have a substantial and injurious effect or influence on the jury's verdict, see Zafiro, 506 U.S. at 539-41; United States v. Lane, 474 U.S. 438, 449 (1986); United States v. Ortiz, 315 F.3d 873, 897-900 (8th Cir. 2002), makes clear that severance is not called for in this instance.

III.

Based on the foregoing, it is hereby

ORDERED that Willard's Motion for Severance of Defendants for Trial, Docket No. 52, shall be and the same is DENIED, without prejudice. It is further

ORDERED that Phillip's Motion for Severance, Docket No. 66, shall be and the same is likewise DENIED, without prejudice.

Dated this 8th day of December, 2006, at Pierre, South Dakota.

BY THE COURT:

_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
               Deputy
(SEAL)

5