

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 06-30056-01 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION AND ORDER |
| WILLARD MENARD, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

The superseding indictment charged conjointly Willard Menard ("Willard") and Phillip J. Menard ("Phillip") with Aggravated Sexual Abuses of a Child, in violation of 18 U.S.C. §§ 1153, 2241(a) and 2246(2). Both Willard and Phillip brought motions (Docs. 52 and 66) to sever trials. United States Magistrate Judge Moreno filed a memorandum opinion and order (Doc. 67) denying these motions. After the severance motions were filed, the government obtained a second superseding indictment. Willard has now filed a motion (Doc. 73) to reconsider and appeal the denial of the motion to sever. The motion is premised on two principal arguments: (1) the case was improperly joined under Fed.R.Crim.P. 8(b), since the alleged criminal acts are not the "same" or "a series of acts or transactions"; and (2) relief is appropriate under Fed.R.Crim.P. 14(a), since joinder would be unfairly prejudicial to Willard.

This motion should be denied. The magistrate ruled correctly.

## FACTUAL BACKGROUND

For the purposes of this motion, the facts can be stated succinctly. The new superseding indictment charges that between July 23, 1997, and July 22, 2000, on the Rosebud Indian Reservation, Willard, an Indian, allegedly perpetrated three counts of aggravated sexual abuse against M.M, a child who had not attained the age of twelve. Similarly, Phillip, also an Indian

and also on the Rosebud Indian Reservation, within an overlapping time frame (between July 23, 1997, and May 10, 1999) also allegedly committed three counts of aggravated sexual abuse against M.M. Additionally, the indictment now charges Phillip with four counts of aggravated sexual abuse of T.F.H.

## DISCUSSION

1. FEDERAL RULE OF CRIMINAL PROCEDURE 8(B)

Rule 8(b) permits the joinder of two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b). The rule requires that there be some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series. United States v. Wofford, 562 F.2d 582, 585 (8th Cir. 1977). The rule is to be liberally construed in favor of joinder. United States v. O'Connell, 841 F.2d 1408, 1432 (8th Cir. 1988); United States v. Andrade, 788 F.2d 521, 529 (8th Cir. 1986).

Where conduct upon which each of the counts is based is part of a factually related transaction or series of events in which all defendants participated, charges may be properly joined although various offenses were distinct and defendants were not charged on each count nor guilty of the same offenses. U.S. v. Leach, 429 F.2d 956, 960 (8th Cir. 1970). For example Kleven v. United States held that joinder was proper of charges that, on various occasions, two defendants had each bought from the same seller wheat illegally imported. 240 F.2d 270, 272 (8th Cir. 1957). These were separate crimes sharing a factual nexus. Therefore, defendants with separate crimes may be properly joined, if they bear a close factual relationship.

These alleged crimes by Willard and Phillip are factually related. Their alleged crimes involve the same type of offenses (sexual abuse), perpetrated in part on the same person (M.M.), within an overlapping time period, at the same location. There is little question that Willard and Phillip are alleged to have participated in the same type of sex acts or series of acts or transactions. Accordingly, joinder was proper under Rule 8(b).

2

2. FEDERAL RULE OF CRIMINAL PROCEDURE 14(A)

While joinder is entirely proper under Rule 8, it may nevertheless be prejudicial to the defendant or defendants. If this is the case, the defendant may obtain relief as provided in Rule 14. Fed.R.Crim.P. 14(a) provides: if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Also, where multiple defendants are charged in the same indictment, there is a preference for a joint trial unless the party moving to sever can show that the benefits are outweighed by a clear likelihood of prejudice. Zafiro, 506 U.S. at 537; United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002). Such a likelihood may be demonstrated by showing either that the jury cannot be expected to compartmentalize the evidence with respect to different defendants due to a "prejudicial spillover effect" between the cases against them, United States v. Lueth, 807 F.2d 719, 731 (8th Cir. 1986), or that one defendant's defense conflicts with that of another and that the jury is likely to infer from this conflict alone that both are guilty. United States v. Ortiz, 315 F.3d 873, 898 (8th Cir. 2002). Although, where the charges and the evidence are not complex, the presumption is that the jury will have no difficulty in compartmentalizing evidence against each defendant. United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).

The strong presumption against severing properly joined cases, see, e.g., United States v. Delpit, 94 F.3d 1134 (8th Cir. 1996), is consistent with the goal of achieving a correct outcome. Zafiro, 506 U.S. at 537 (joint trials "avoid the scandal and inequity of inconsistent verdicts"); United States v. Darden, 70 F.3d 1507, 1528 (8th Cir. 1995) ( "[A] joint trial gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome").

Fed.R.Crim.P. 14(a) entrusts the decision of whether co-defendants should be severed to the "sound discretion of the trial judge." United States v. Knife, 592 F.2d 472, 480 (8th Cir. 1979). In exercising that discretion the courts balance the inconvenience and expense to the government of separate trials against the prejudice to the defendants inherent in a joint trial. Zafiro v. U.S., 113 S.Ct. 933, 938, 506 U.S. 534, 538-539, 122 L.Ed.2d 317 (1993). The burden

3

is put on the defendants to make a strong showing of prejudice in order to obtain the relief permitted by Rule 14. U.S. v. Alley, 661 F.2d 718 (8th Cir. 1981).

Courts have also held it insufficient to require severance of defendants that a defendant might have a better chance for acquittal if tried separately, U.S. v. Reed, 658 F.2d 624 (8th Cir. 1991), that other defendants had a criminal record or otherwise would seem unattractive to the jury, U.S. v. Smith, 578 F.2d 1227 (8th Cir. 1978), that there might be hostility or conflict of interest between the defendants, U.S. v. Boyd, 610 F.2d 521 (8th Cir. 1979), or that different defendants wished to rely on different defenses, Zafiro 506 U.S. at 537. Severance is not required "simply because the evidence may have been more damaging against one appellant than the others." United States v. Garcia, 785 F.2d 214, 220 (8th Cir. 1986).

In addition, the mere fact that two defendants may have potentially antagonistic defenses and that hostility may result if one defendant attempts to save himself at the expense of the other is not sufficient grounds to require severance. United States v. Shivers, 66 F.3d 938, 940 (8th Cir. 1995). Likewise, the fact that one of the co-defendants may try to shift the blame to the other does not mandate separate trials. United States v. Johnson, 944 F.2d 396, 402-03 (8th Cir. 1991).

"Mutually antagonistic defenses exist when the jury must disbelieve the core of one defense in order to believe the core of the other." United States v. Flores, 362 F.3d 1030, 1040 (8th Cir. 2004). Even the existence of mutually antagonistic defenses is not per se prejudicial. Id. A defendant must show a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. The defenses presented by the defendants must be more than inconsistent, they must be "actually irreconcilable." United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993).

In this case, Willard has not demonstrated that the benefits of a joint trial are outweighed by a clear likelihood of prejudice. Severance would accomplish nothing for the defendants except to subject them to multiple trials and efforts by the government to convict them. Separate trials would not likely keep out other child sexual abuse accusations. Such evidence would likely be admissible unless excludable under Rule 403. At this time, I know of no basis to exclude such evidence, given the dictates of Rules 413 and 414. A joint trial would provide the jury the best perspective of the evidence. Questions might arise in separate trials as to how the alleged

victims acquired sexual knowledge. Questions of either defendant or both having groomed the alleged victims may arise. Williard's claim that the jury will be unable to compartmentalize the evidence is unpersuasive. This is not a complex case or one where prejudice cannot be taken care of by limiting instructions to the jury. Finally, the movant has not argued that any defenses would be mutually antagonistic. The question as to each defendant is whether or not the defendant did what is alleged. The benefit of a joint trial is not outweighed by a clear likelihood of prejudice.

## ORDER

Based upon the foregoing,

IT IS ORDERED that the motion (Doc. 73) to reconsider the denial of the motion to sever and the appeal is denied.

Dated this 18th day of January, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
              DEPUTY
(SEAL)

5